UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

October 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CR 07-00021(A)-JVS |
| Plaintiff, | ) |
| v. | ) F I R S T<br>) S U P E R S E D I N G<br>) I N D I C T M E N T |
| ALEXANDER ZINOVY RIVKIN,<br>RAMIN SARSHAD,<br>MICHAEL WAYNE CHAPMAN, and<br>TRUC HUY DAO, | ) [18 U.S.C. § 371: Conspiracy;<br>) 18 U.S.C. § 1347: Health Care<br>) Fraud; 18 U.S.C. § 1341: Mail<br>) Fraud; 18 U.S.C. § 1343: Wire<br>) Fraud; 18 U.S.C. § 2: Aiding |
| Defendants. | ) and Abetting/Causing an Act<br>) to be Done] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTION

At all times relevant to this Indictment:

1.   Paul Arnold Lessler ("Dr. Lessler"), defendant ALEXANDER ZINOVY RIVKIN ("DR. RIVKIN"), Gershon Walter Hepner ("Dr. Hepner"), Xinming Fu ("Dr. Fu"), defendant RAMIN SARSHAD ("DR. SARSHAD"), Aginah M. DeBerry ("Dr. DeBerry"), defendant MICHAEL WAYNE CHAPMAN ("DR. CHAPMAN"), and defendant TRUC HUY DAO

("DR. DAO") were physicians enrolled as providers with Medicare, a federal health insurance program operated by the United States Department of Health and Human Services.

2.   Dr. Lessler further owned and operated a group medical practice called University Pain Specialists Medical Group, Inc., also known as, University Consultants Medical Group, Inc. ("University Pain Specialists"), which was an enrolled provider with Medicare.  DR. RIVKIN, Dr. Hepner, DR. SARSHAD, and DR. DAO were physicians in Dr. Lessler's University Pain Specialists medical group.

3.   Dr. DeBerry further operated her medical practice under the name Four Points Family Medical Center, Inc.

4.   A co-conspirator owned and operated a company called HT Medical Billing Service ("HT Medical"), which provided medical billing services for Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO.  This co-conspirator further owned and operated a company called Professional and Respiratory Care Services ("PRCS"), which provided respiratory therapists and equipment to Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO.

5.   Glenn Garcia Madrid ("Madrid"), Levi Raichik ("Raichik"), and Schmuel Fogelman ("Fogelman") were marketers who were paid illegal kickbacks by Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO to recruit elderly, infirm, and mentally ill residents at board and care facilities ("B&Cs") for respiratory treatments. Madrid, Raichik, and Fogelman paid illegal kickbacks to the

2

owners and administrators of the B&Cs for referring the elderly, infirm, and mentally ill residents of those B&Cs for respiratory treatments.   Madrid, Raichik, and Fogelman further provided and caused to be provided kickbacks, such as soda, candy, and donuts, to the elderly, infirm, and mentally ill residents of the B&Cs in order to entice them to undergo the respiratory treatments.

6.   Raichik and Fogelman further owned and operated companies called Granada Care, Inc. dba Active Adult Day Health Care and Albany Consulting & Marketing to receive the illegal kickbacks.

7.   Barbara Sue Thrash ("Thrash") was an administrator of a B&C, Grandview Retirement Residence and Grandview Towers ("Grandview"), who received illegal kickbacks from DR. RIVKIN, DR. SARSHAD, Dr. DeBerry, University Pain Specialists, and others, for referring Grandview's elderly, infirm, and mentally ill residents for respiratory treatments.

8.   Thrash further owned a company called BT Enterprises to receive the illegal kickbacks.

9.   Claims can be submitted to Medicare by mail and electronically.   Medicare sends money representing payment for claims through the mail and via electronic funds transfers.

B.   OBJECT OF THE CONSPIRACY

10.   Beginning in or around 2000, and continuing until in or around 2006, in Orange County and Los Angeles County, within the Central District of California, and elsewhere, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik, Fogelman, and Thrash, along with the owner of HT Medical and PRCS, as well as others known

3

1  and unknown to the Grand Jury, conspired and agreed with each

2  other to knowingly and willfully offer, pay, solicit, and receive

3  illegal kickbacks, in violation of 42 U.S.C. §§ 1320a-7b(b)(1)(A)

4  and 1320a-7b(b)(2)(A), to commit health care fraud, in violation

5  of 18 U.S.C. § 1347, to commit mail fraud, in violation of 18

6  U.S.C. § 1341, and to commit wire fraud, in violation of 18

7  U.S.C. § 1343.

8  C.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

9      ACCOMPLISHED

10      11.  The object of the conspiracy was to be accomplished in

11  substance as follows:

12          a.   Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR.

13      SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO would pay

14      illegal kickbacks to Madrid, Raichik, Fogelman, and Thrash

15      to recruit elderly, infirm, and mentally ill residents of

16      B&Cs for respiratory treatments;

17          b.   Madrid, Raichik, and Fogelman would recruit

18      elderly, infirm, and mentally ill residents of B&Cs by

19      paying illegal kickbacks to the owners and administrators of

20      the B&Cs, and cause illegal kickbacks to be given to the B&C

21      residents to undergo the respiratory treatments;

22          c.   The subject respiratory treatments would include,

23      among others, aerosol inhalations for sputum mobilization

24      (CPT Code 94665) and manipulation of the chest wall to

25      facilitate lung function (CPT Code 94668)(collectively the

26      "Respiratory Treatments");

27          d.   Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR.

28      SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO would bill

4

Medicare for daily and almost daily Respiratory Treatments on the elderly, infirm, and mentally ill residents of the B&Cs under the false pretense that Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO were rendering and directly supervising the Respiratory Treatments when, in fact, unsupervised respiratory therapists were providing the treatments, in violation of Medicare's coverage requirements; and

e.   Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO would bill Medicare for Respiratory Treatments under the false pretense that Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO were providing those medical services to patients at the respective doctor's medical offices when, in fact, the treatments were provided at the B&Cs, in violation of Medicare's coverage requirements.

D.   OVERT ACTS

12.   In furtherance of the conspiracy and to accomplish the object of the conspiracy, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik, Fogelman, Thrash, and other co-conspirators committed various overt acts within the Central District of California, and elsewhere, including but not limited to, the following:

OVERT ACT NO. 1: On or about 10/15/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient GP in the amount of $50.

5

OVERT ACT NO. 2: On or about 10/15/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JA in the amount of $50.

OVERT ACT NO. 3: On or about 10/15/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RD in the amount of $50.

OVERT ACT NO. 4: On or about 10/15/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient BD in the amount of $50.

OVERT ACT NO. 5: On or about 10/15/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RG in the amount of $50.

OVERT ACT NO. 6: On or about 3/27/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RC in the amount of $50.

OVERT ACT NO. 7: On or about 5/26/03, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RC in the amount of $50.

OVERT ACT NO. 8: On or about 3/7/04, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient DB in the amount of $50.

OVERT ACT NO. 9: On or about 12/31/02, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient MG in the amount of $50.

OVERT ACT NO. 10: On or about 3/8/04, Dr. Lessler and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JB in the amount of $50.

OVERT ACT NO. 11: On or about 9/1/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RL in the amount of $50.

OVERT ACT NO. 12: On or about 9/1/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient PB in the amount of $50.

OVERT ACT NO. 13: On or about 9/1/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient GK in the amount of $50.

OVERT ACT NO. 14: On or about 9/1/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient SS in the amount of $50.

OVERT ACT NO. 15: On or about 9/1/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient EK in the amount of $50.

OVERT ACT NO. 16: On or about 9/3/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RL in the amount of $50.

OVERT ACT NO. 17: On or about 6/26/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient DD in the amount of $50.

OVERT ACT NO. 18: On or about 6/16/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient YD in the amount of $50.

OVERT ACT NO. 19: On or about 5/12/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient FN in the amount of $50.

OVERT ACT NO. 20: On or about 9/15/03, DR. RIVKIN and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient GP in the amount of $50.

OVERT ACT NO. 21: On or about 8/12/04, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient PB in the amount of $50.

OVERT ACT NO. 22: On or about 8/12/04, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JF in the amount of $50.

OVERT ACT NO. 23: On or about 7/28/04, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient DM in the amount of $50.

OVERT ACT NO. 24: On or about 7/28/04, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient KJ in the amount of $50.

OVERT ACT NO. 25: On or about 7/28/04, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient BC in the amount of $50.

OVERT ACT NO. 26: On or about 9/5/03, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient PB in the amount of $50.

OVERT ACT NO. 27: On or about 7/9/03, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RD in the amount of $50.

OVERT ACT NO. 28: On or about 9/12/03, Dr. Hepner and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient SF in the amount of $50.

OVERT ACT NO. 29: On or about 12/2/04, Dr. Hepner, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient KJ in the amount of $50.

OVERT ACT NO. 30: On or about 7/31/03, Dr. Hepner and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JK in the amount of $50.

OVERT ACT NO. 31: On or about 10/18/02, Dr. Fu, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient BB in the amount of $50.

OVERT ACT NO. 32: On or about 10/18/02, Dr. Fu, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient PE in the amount of $50.

OVERT ACT NO. 33: On or about 10/18/02, Dr. Fu, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient XB in the amount of $50.

OVERT ACT NO. 34: On or about 10/16/02, Dr. Fu, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RM in the amount of $50.

OVERT ACT NO. 35: On or about 11/5/02, Dr. Fu, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JF in the amount of $50.

OVERT ACT NO. 36: On or about 3/31/03, Dr. Fu and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RB in the amount of $50.

OVERT ACT NO. 37: On or about 3/21/03, Dr. Fu, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient CB in the amount of $50.

OVERT ACT NO. 38: On or about 3/25/03, Dr. Fu, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient CB in the amount of $50.

OVERT ACT NO. 39: On or about 1/7/03, Dr. Fu, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient GG in the amount of $50.

OVERT ACT NO. 40: On or about 1/3/03, Dr. DeBerry, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient CB in the amount of $50.

OVERT ACT NO. 41: On or about 1/9/03, Dr. DeBerry, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient CB in the amount of $50.

OVERT ACT NO. 42: On or about 1/4/03, Dr. DeBerry, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient SR in the amount of $50.

OVERT ACT NO. 43: On or about 2/7/03, Dr. DeBerry, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient SR in the amount of $50.

OVERT ACT NO. 44: On or about 12/27/02, Dr. DeBerry, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RS in the amount of $50.

OVERT ACT NO. 45: On or about 12/27/02, Dr. DeBerry, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RS in the amount of $50.

OVERT ACT NO. 46: On or about 4/18/03, Dr. DeBerry and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient WH in the amount of $50.

OVERT ACT NO. 47: On or about 2/10/03, Dr. DeBerry and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JF in the amount of $50.

OVERT ACT NO. 48: On or about 1/10/03, Dr. DeBerry and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JW in the amount of $50.

OVERT ACT NO. 49: On or about 12/29/03, DR. CHAPMAN and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient WH in the amount of $50.

OVERT ACT NO. 50: On or about 12/29/03, DR. CHAPMAN and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JW in the amount of $50.

OVERT ACT NO. 51: On or about 12/29/03, DR. CHAPMAN and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient HA in the amount of $50.

OVERT ACT NO. 52: On or about 12/29/03, DR. CHAPMAN, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JN in the amount of $50.

OVERT ACT NO. 53: On or about 12/29/03, DR. CHAPMAN, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient KD in the amount of $50.

OVERT ACT NO. 54: On or about 6/27/03, DR. CHAPMAN, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient MG in the amount of $50.

OVERT ACT NO. 55: On or about 4/8/03, DR. CHAPMAN, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient AC in the amount of $50.

OVERT ACT NO. 56: On or about 3/31/03, DR. CHAPMAN, Madrid, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JS in the amount of $50.

OVERT ACT NO. 57: On or about 4/22/03, DR. CHAPMAN, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient JT in the amount of $50.

OVERT ACT NO. 58: On or about 6/20/03, DR. CHAPMAN, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient FD in the amount of $50.

OVERT ACT NO. 59: On or about 9/22/03, DR. DAO, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient PR in the amount of $50.

OVERT ACT NO. 60: On or about 9/24/03, DR. DAO, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient PR in the amount of $50.

OVERT ACT NO. 61: On or about 9/25/03, DR. DAO, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient VR in the amount of $50.

OVERT ACT NO. 62: On or about 10/3/03, DR. DAO, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient VR in the amount of $50.

OVERT ACT NO. 63: On or about 9/22/03, DR. DAO, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient CS in the amount of $50.

OVERT ACT NO. 64: On or about 10/10/03, DR. DAO, Raichik, and Fogelman caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient CS in the amount of $50.

OVERT ACT NO. 65: On or about 11/26/03, DR. DAO and Madrid caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient RB in the amount of $50.

OVERT ACT NO. 66: On or about 3/8/04, DR. SARSHAD and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient LK in the amount of $50.

OVERT ACT NO. 67: On or about 9/29/03, DR. SARSHAD and Thrash caused to be submitted to Medicare a fraudulent claim for Respiratory Treatments for patient SM in the amount of $50.

OVERT ACT NO. 68: On or about 4/25/03, University Pain Specialists paid Madrid $5,393.82, which represented approximately 30% of what Dr. Lessler received from Medicare on certain claims for Respiratory Treatments for patients recruited by Madrid.

OVERT ACT NO. 69: On or about 4/6/04, University Pain Specialists paid Madrid $5,058.36, which represented approximately 30% of what Dr. Lessler received from Medicare on certain claims for Respiratory Treatments for patients recruited by Madrid.

OVERT ACT NO. 70: On or about 10/1/03, DR. RIVKIN paid Thrash $3,000, which represented payment for referring Grandview's elderly, infirm, and mentally ill residents for Respiratory Treatments.

OVERT ACT NO. 71: On or about 10/20/03, DR. RIVKIN paid Thrash $3,000, which represented payment for referring

Grandview's elderly, infirm, and mentally ill residents for Respiratory Treatments.

OVERT ACT NO. 72: On or about 4/16/03, Dr. Fu paid Raichik and Fogelman $1,503.81, which represented approximately 30% of what Dr. Fu had received from Medicare on certain claims for Respiratory Treatments for patients recruited by Raichik and Fogelman.

OVERT ACT NO. 73: On or about 4/24/03, Dr. Fu paid Madrid $801.32, which represented approximately 30% of what Dr. Fu had received from Medicare on certain claims for Respiratory Treatments for patients recruited by Madrid.

OVERT ACT NO. 74: On or about 1/16/03, Dr. DeBerry paid Raichik and Fogelman $532.14, which represented approximately 30% of what Dr. DeBerry had received from Medicare on certain claims for Respiratory Treatments for patients recruited by Raichik and Fogelman.

OVERT ACT NO. 75: On or about 1/22/03, Dr. DeBerry paid Raichik and Fogelman $1,763.60, which represented approximately 30% of what Dr. DeBerry had received from Medicare on certain claims for Respiratory Treatments for patients recruited by Raichik and Fogelman.

OVERT ACT NO. 76: On or about 4/29/03, DR. CHAPMAN paid Madrid $1,884.04, which represented approximately 30% of what DR. CHAPMAN had received from Medicare on certain claims for Respiratory Treatments for patients recruited by Madrid.

OVERT ACT NO. 77: On or about 5/14/03, DR. CHAPMAN paid Raichik and Fogelman $1,584.33, which represented

approximately 30% of what DR. CHAPMAN had received from
Medicare on certain claims for Respiratory Treatments for
patients recruited by Raichik and Fogelman.

OVERT ACT NO. 78: On or about 10/27/03, DR. DAO paid
Raichik and Fogelman $1,097.37, which represented
approximately 30% of what DR. DAO had received from Medicare
on certain claims for Respiratory Treatments for patients
recruited by Raichik and Fogelman.

OVERT ACT NO. 79: On or about 12/19/03, DR. DAO paid
Madrid $1,439.51, which represented approximately 30% of
what DR. DAO had received from Medicare on certain claims
for Respiratory Treatments for patients recruited by Madrid.

OVERT ACT NO. 80: In or around 2003 and 2004, Madrid
paid cash to the owner and administrator of
Westminster/Regal Manor for referring elderly, infirm, and
mentally ill residents of that B&C for Respiratory
Treatments.

OVERT ACT NO. 81: In or around 2005, Raichik and
Fogelman paid cash to the owner and administrator of Ramona
Guest Home B&C for referring elderly, infirm, and mentally
ill residents of that B&C for Respiratory Treatments.

OVERT ACT NO. 82: In or around 2002-2006, Thrash called
PRCS to complain about not getting paid and to request
payment for referring Grandview's elderly, infirm, and
mentally ill residents for Respiratory Treatments.

OVERT ACT NO. 83: On or about 8/23/04, DR. RIVKIN
caused Medicare to deposit in the U.S. Mail a check relating
to a fraudulent claim for Respiratory Treatments for patient

17

RC.

OVERT ACT NO. 84: On or about 2/16/05, DR. RIVKIN caused Medicare to deposit in the U.S. Mail a check relating to a fraudulent claim for Respiratory Treatments for patient AL.

OVERT ACT NO. 85: On or about 2/16/05, DR. RIVKIN caused Medicare to deposit in the U.S. Mail a check relating to a fraudulent claim for Respiratory Treatments for patient FW.

OVERT ACT NO. 86: On or about 2/13/04, DR. CHAPMAN caused Medicare to transfer via wire funds relating to a fraudulent claim for Respiratory Treatments for patient BH.

OVERT ACT NO. 87: On or about 3/8/04, DR. DAO caused Medicare to transfer via wire funds relating to a fraudulent claim for Respiratory Treatments for patient AA.

OVERT ACT NO. 88: On or about 3/29/04, DR. DAO caused Medicare to transfer via wire funds relating to a fraudulent claim for Respiratory Treatments for patient VR.

OVERT ACT NO. 89: On or about 3/1/05, DR. SARSHAD caused Medicare to transfer via wire funds relating to a fraudulent claim for Respiratory Treatments for patient LJ.

COUNTS TWO THROUGH SIXTY-EIGHT

[18 U.S.C. §§ 1347 and 2]

13.  Paragraphs one through nine of this Indictment are incorporated herein by this reference.

A.  THE FRAUDULENT SCHEME

14.  Beginning in or around 2000, and continuing until in or around 2006, in Orange County and Los Angeles County, within the Central District of California, and elsewhere, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik, Fogelman, and Thrash, along with the owner of HT Medical and PRCS, as well as others known and unknown to the Grand Jury, aiding and abetting each other, knowingly, willfully, and with the intent to defraud, devised, executed, and participated in a scheme to defraud Medicare and Medi-Cal, and to obtain money owned and under the control of Medicare and Medi-Cal, by means of materially false and fraudulent pretenses, representations, and promises, and the non-disclosure and concealment of material facts, in connection with the delivery of and payment for health care items, benefits, and services.

B.  MEANS TO ACCOMPLICE THE FRAUDULENT SCHEME

15.  The scheme was designed to operate, and did operate, as alleged in paragraph 11 of this Indictment, which paragraph is incorporated herein by this reference.

16.  In carrying out the fraudulent scheme, acting with intent to defraud and deceive, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO and other co-conspirators, aiding and abetting each other, caused

19

false information and false statements to be communicated, and material information to be concealed and omitted, in billings to Medicare, including, without limitation, the following:

   a.   concealing and omitting that the residents of the B&Cs were being recruited for Respiratory Treatments with the payment of illegal kickbacks;

   b.   falsely representing that Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO were providing and directly supervising the Respiratory Treatments; and

   c.   falsely representing that the Respiratory Treatments were being performed at the respective medical offices of Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO.

   17.   In carrying out the fraud scheme, acting with intent to defraud and deceive, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik, Fogelman, Thrash, and other co-conspirators knowingly and willfully caused, aided and abetted, and engaged in fraudulent and deceptive acts, practices, and devices including, without limitation, the following:

   a.   Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO directed and caused to be paid illegal kickbacks to marketers, such as Madrid, Raichik, Fogelman, and B&C owners and administrators, such as Thrash, to recruit elderly, infirm, and mentally ill residents of B&Cs for Respiratory Treatments;

b.   Marketers, such as Madrid, Raichik, and Fogelman, paid illegal kickbacks to B&C owners and administrators for referring elderly, infirm, and mentally ill residents of the B&Cs for Respiratory Treatments, caused illegal kickbacks to be given to the B&C residents to undergo the respiratory treatments, and, along with B&C owners and administrators like Thrash, received illegal kickbacks for recruiting and referring elderly, infirm, and mentally ill residents of B&Cs for Respiratory Treatments;

c.   Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO directed and caused Medicare to be billed for Respiratory Treatments that did not occur, that did not occur under the respective doctor's supervision, and that did not occur in the respective doctor's medical offices.

18.   At the time Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik, Fogelman, and Thrash made the false statements and caused them to be made, concealed and omitted material information and caused such information to be concealed and omitted, and caused, aided and abetted, and engaged in the fraudulent acts, practices, and devices set forth above, they knew that said statements were false, that material information was concealed and omitted, and that the subject acts, practices, and devises were fraudulent, unlawful, and deceptive.   In particular, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik, Fogelman, and Thrash knew the following:

21

a.    that Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO were paying illegal kickbacks to Madrid, Raichik, Fogelman, and Thrash to recruit elderly, infirm, and mentally ill residents of B&Cs for Respiratory Treatments;

b.    that Madrid, Raichik, and Fogelman were paying illegal kickbacks to the owners and administrators of the B&Cs for referring their residents for Respiratory Treatments, and causing illegal kickbacks to be given to the B&C residents to undergo the Respiratory Treatments;

c.    that Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO were billing Medicare for Respiratory Treatments that were neither provided, nor directly supervised;

d.    that the Respiratory Treatments being billed to Medicare were not being provided in the respective medical offices of Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, and DR. DAO;

e.    that Medicare does not pay for the Respiratory Treatments if such treatments are a result of the payment of an illegal kickback;

f.    that Medicare does not pay for the Respiratory Treatments if such treatments are not provided and directly supervised by a physician;

g.    that Medicare does not pay for the Respiratory Treatments if such treatments are performed on patients at B&Cs; and

/ / /

1    h.   that Medicare does not pay for the Respiratory

2    Treatments if such treatments are not provided.

3    19.   In carrying out the scheme, acting with intent to

4  defraud and deceive, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu,

5  DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik,

6  Fogelman, and Thrash concealed and failed to disclose to Medicare

7  the true facts about their fraudulent business practices

8  regarding the delivery of and payment for the Respiratory

9  Treatments.   Such concealed and omitted facts were material in

10  that, had Medicare known the true facts, it would not have paid

11  for the Respiratory Treatments.

12  C.   RESULTS OF THE FRAUDULENT SCHEME

13    20.   By devising, executing, and participating in the

14  fraudulent scheme, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu,

15  DR. SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik,

16  Fogelman, and Thrash caused losses to Medicare of approximately

17  $11,643,700.

18  D.   EXECUTION OF THE FRAUDULENT SCHEME

19    21.   On or about the dates set forth below, in Orange County

20  and Los Angeles County, within the Central District of

21  California, Dr. Lessler, DR. RIVKIN, Dr. Hepner, Dr. Fu, DR.

22  SARSHAD, Dr. DeBerry, DR. CHAPMAN, DR. DAO, Madrid, Raichik,

23  Fogelman, and Thrash, for the purpose of executing the above-

24  described scheme to defraud and attempting to do so, caused the

25  following claims to be submitted to and processed by Medicare in

26  the following amounts:

27

28

| Count | Defendant (Doctor/ Marketer) | Patient Initials | Date | Amount | Claim Number |
|---|---|---|---|---|---|
| 2 | Lessler/ Madrid | GP | 10/15/03 | $50 | 551103293023070 |
| 3 | Lessler/ Madrid | JA | 10/15/03 | $50 | 551103293076980 |
| 4 | Lessler/ Madrid | RD | 10/15/03 | $50 | 551103293077280 |
| 5 | Lessler/ Madrid | BD | 10/15/03 | $50 | 551103293077030 |
| 6 | Lessler/ Madrid | RG | 10/15/03 | $50 | 551103293022870 |
| 7 | Lessler/ Madrid | RC | 3/27/03 | $50 | 551103091173410 |
| 8 | Lessler/ Madrid | RC | 5/26/03 | $50 | 551103153061250 |
| 9 | Lessler/ Madrid | DB | 3/7/04 | $50 | 551104077091930 |
| 10 | Lessler/ Madrid | MG | 12/31/02 | $50 | 551103007401330 |
| 11 | Lessler/ Madrid | JB | 3/8/04 | $50 | 551104077048230 |
| 12 | RIVKIN/ Thrash | RL | 9/1/03 | $50 | 551103252231180 |
| 13 | RIVKIN/ Thrash | PB | 9/1/03 | $50 | 551103252230480 |
| 14 | RIVKIN/ Thrash | GK | 9/1/03 | $50 | 551103252230680 |
| 15 | RIVKIN/ Thrash | SS | 9/1/03 | $50 | 551103252231590 |
| 16 | RIVKIN/ Thrash | EK | 9/1/03 | $50 | 551103252230950 |
| 17 | RIVKIN/ Thrash | RL | 9/3/03 | $50 | 551103252231200 |
| 18 | RIVKIN/ Thrash | DD | 6/26/03 | $50 | 551103181177830 |
| 19 | RIVKIN/ Thrash | YD | 6/16/03 | $50 | 551103174150240 |

| Count | Defendant (Doctor/ Marketer) | Patient Initials | Date | Amount | Claim Number |
|---|---|---|---|---|---|
| 20 | RIVKIN/ Thrash | FN | 5/12/03 | $50 | 551103139134780 |
| 21 | RIVKIN/ Thrash | GP | 9/15/03 | $50 | 551103266026200 |
| 22 | Hepner/ Raichik Fogelman | PB | 8/12/04 | $50 | 551104238357850 |
| 23 | Hepner/ Raichik Fogelman | JF | 8/12/04 | $50 | 551104238357890 |
| 24 | Hepner/ Raichik Fogelman | DM | 7/28/04 | $50 | 551104224288360 |
| 25 | Hepner/ Raichik Fogelman | KJ | 7/28/04 | $50 | 551104224288200 |
| 26 | Hepner/ Raichik Fogelman | BC | 7/28/04 | $50 | 551104224287760 |
| 27 | Hepner/ Raichik Fogelman | PB | 9/5/03 | $50 | 551103252227350 |
| 28 | Hepner/ Raichik Fogelman | RD | 7/9/03 | $50 | 551103195044540 |
| 29 | Hepner/ Madrid | SF | 9/12/03 | $50 | 551103258055480 |
| 30 | Hepner/ Raichik Fogelman | KJ | 12/2/04 | $50 | 551104342067290 |
| 31 | Hepner/ Madrid | JK | 7/31/03 | $50 | 551103217168980 |
| 32 | Fu/ Madrid Raichik Fogelman | BB | 10/18/02 | $50 | 551102294063140 |
| 33 | Fu/ Madrid Raichik Fogelman | PE | 10/18/02 | $50 | 551102294063120 |

| Count | Defendant (Doctor/ Marketer) | Patient Initials | Date | Amount | Claim Number |
|---|---|---|---|---|---|
| 34 | Fu/ Madrid Raichik Fogelman | XB | 10/18/02 | $50 | 551102294062930 |
| 35 | Fu/ Madrid Raichik Fogelman | RM | 10/16/02 | $50 | 551102294063090 |
| 36 | Fu/ Madrid Raichik Fogelman | JF | 11/5/02 | $50 | 551102315047390 |
| 37 | Fu/ Madrid | RB | 3/31/03 | $50 | 551103097128500 |
| 38 | Fu/ Raichik Fogelman | CB | 3/21/03 | $50 | 55110308310160 |
| 39 | Fu/ Raichik Fogelman | CB | 3/25/03 | $50 | 551103090163750 |
| 40 | Fu/ Raichik Fogelman | GG | 1/7/03 | $50 | 551103013185690 |
| 41 | DeBerry/ Raichik Fogelman | CB | 1/3/03 | $50 | 551103006117080 |
| 42 | DeBerry/ Raichik Fogelman | CB | 1/9/03 | $50 | 551103006117080 |
| 43 | DeBerry/ Raichik Fogelman | SR | 1/4/03 | $50 | 551103007191620 |
| 44 | DeBerry/ Raichik Fogelman | SR | 2/7/03 | $50 | 551103059046310 |
| 45 | DeBerry/ Raichik Fogelman | RS | 12/27/02 | $50 | 551102364183170 |

| Count | Defendant (Doctor/ Marketer) | Patient Initials | Date | Amount | Claim Number |
|---|---|---|---|---|---|
| 46 | DeBerry/ Raichik Fogelman | RS | 12/27/02 | $50 | 551102364183180 |
| 47 | DeBerry/ Thrash | WH | 4/18/03 | $50 | 551103111110520 |
| 48 | DeBerry/ Thrash | JF | 2/10/03 | $50 | 551103049154090 |
| 49 | DeBerry/ Thrash | JW | 1/10/03 | $50 | 551103030345590 |
| 50 | CHAPMAN/ Madrid | WH | 12/29/03 | $50 | 551104007107460 |
| 51 | CHAPMAN/ Madrid | JW | 12/29/03 | $50 | 551104007107330 |
| 52 | CHAPMAN/ Madrid | HA | 12/29/03 | $50 | 551104007107540 |
| 53 | CHAPMAN/ Raichik Fogelman | JN | 12/29/03 | $50 | 551104005024090 |
| 54 | CHAPMAN/ Raichik Fogelman | KD | 12/29/03 | $50 | 551104005024070 |
| 55 | CHAPMAN/ Madrid Raichik Fogelman | MG | 6/27/03 | $50 | 551103182184110 |
| 56 | CHAPMAN/ Madrid Raichik Fogelman | AC | 4/8/03 | $50 | 551103104135930 |
| 57 | CHAPMAN/ Madrid Raichik Fogelman | JS | 3/31/03 | $50 | 551103097329340 |
| 58 | CHAPMAN/ Raichik Fogelman | JT | 4/22/03 | $50 | 551103118138070 |
| 59 | CHAPMAN/ Raichik Fogelman | FD | 6/20/03 | $50 | 551103174151620 |

27

| Count | Defendant (Doctor/ Marketer) | Patient Initials | Date | Amount | Claim Number |
|---|---|---|---|---|---|
| 60 | DAO/ Raichik Fogelman | PR | 9/22/03 | $50 | 540203281231090 |
| 61 | DAO/ Raichik Fogelman | PR | 9/24/03 | $50 | 540203281231110 |
| 62 | DAO/ Raichik Fogelman | VR | 9/25/03 | $50 | 540203281230900 |
| 63 | DAO/ Raichik Fogelman | VR | 10/3/03 | $50 | 540203281230940 |
| 64 | DAO/ Raichik Fogelman | CS | 9/22/03 | $50 | 540203281230960 |
| 65 | DAO/ Raichik Fogelman | CS | 10/10/03 | $50 | 540203287091910 |
| 66 | DAO/ Madrid | RB | 11/26/03 | $50 | 540203336090120 |
| 67 | SARSHAD/ Thrash | LK | 3/8/04 | $50 | 551104068066140 |
| 68 | SARSHAD/ Thrash | SM | 9/29/03 | $50 | 551103279017250 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

28

COUNTS SIXTY-NINE THROUGH SEVENTY-ONE

[18 U.S.C. §§ 1341, 2]

22.   Paragraphs one through nine of this Indictment are incorporated herein by this reference.

A.   THE FRAUDULENT SCHEME

23.   Beginning in or around 2003, and continuing until in or around 2005, in Orange County and Los Angeles County, within the Central District of California, and elsewhere, DR. RIVKIN, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly devised, executed, and participated in a scheme to defraud and to obtain money from Medicare by means of materially false and fraudulent pretenses, representations, and promises.

B.   MEANS TO ACCOMPLICE THE FRAUDULENT SCHEME

24.   The means to accomplice the fraudulent scheme are set forth in paragraphs 11 and 16 through 19, which paragraphs are incorporated herein by this reference.

C.   USE OF THE UNITED STATES MAIL TO EXECUTE THE SCHEME

25.   On or about the dates set forth below, in Orange County and Los Angeles County, within the Central District of California, DR. RIVKIN, for the purpose of executing and attempting to execute the above-described scheme to defraud, caused to be placed, and aided and abetted the placement in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, the following letters and other materials:

/ / /

| Count | Date | Addressee | Item |
|---|---|---|---|
| 69 | 8/23/04 | Alexander Z. Rivkin MD | Medicare check relating to Claim No. 551104224287040 for patient RC |
| 70 | 2/16/05 | Alexander Z. Rivkin MD | Medicare check relating to Claim No. 551104351079880 for patient AL |
| 71 | 2/16/05 | Alexander Z. Rivkin MD | Medicare check relating to Claim No. 551180503506590 for patient FW |

30

COUNT SEVENTY-TWO THROUGH SEVENTY-FIVE

[18 U.S.C. §§ 1343, 2]

26.   Paragraphs one through nine of this Indictment are incorporated herein by this reference.

A.   THE FRAUDULENT SCHEME

27.   Beginning in or around 2002, and continuing until in or around 2006, in Orange County and Los Angeles County, within the Central District of California, and elsewhere, DR. CHAPMAN, DR. DAO, and DR. SARSHAD, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly devised, executed, and participated in a scheme to defraud and to obtain money from Medicare by means of materially false and fraudulent pretenses, representations, and promises.

B.   MEANS TO ACCOMPLICE THE FRAUDULENT SCHEME

28.   The means to accomplice the fraudulent scheme are set forth in paragraphs 11 and 16 through 19, which paragraphs are incorporated herein by this reference.

C.   USE OF WIRES TO EXECUTE THE SCHEME

29.   On or about the dates set forth below, in Orange County and Los Angeles County, in the Central District of California and elsewhere, defendant DR. CHAPMAN, DR. DAO, and DR. SARSHAD, for the purpose of executing the above-described scheme to defraud and attempting to do so, caused, and aided and abetted the transmission of the following by means of wire:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| 72 | 2/13/04 | Electronic Funds Transfer sent from Medicare in New York to DR. CHAPMAN in California, relating to Claim No. 551104033034630 for patient BH |

31

| | | |
|---|---|---|
| 73 | 3/8/04 | Electronic Funds Transfer sent from Medicare in New York to DR. DAO in California, relating to Claim No. 540204055067850 for patient AA |
| 74 | 3/29/04 | Electronic Funds Transfer sent from Medicare in New York to DR. DAO in California, relating to Claim No. 540204076073100 for patient VR |
| 75 | 3/1/05 | Electronic Funds Transfer sent from Medicare in New York to DR. SARSHAD in California, relating to Claim No. 551805056142850 for patient LJ |

A TRUE BILL

_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office

JEANNIE M. JOSEPH
Assistant United States Attorney

32